UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CASSIO VERTIL, *pro se*,                                     :
                                                             :
                              Petitioner,                    :
                                                             :         **MEMORANDUM & ORDER**
                  -against-                                  :         15-cv-5780 (DLI)
                                                             :         10-cr-22(DLI)
UNITED STATES OF AMERICA,                                    :
                                                             :
                              Respondent.                    :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

On November 12, 2010, *pro se* petitioner, Cassio Vertil ("Petitioner"), was found guilty, after a jury trial, of conspiracy to import cocaine, and aiding and abetting the importation of cocaine, into the United States.[1] On May 10, 2012, this Court sentenced Petitioner to 60 months of imprisonment, followed by four years of supervised release. *See*, Judgment & Commitment Order, No. 10-cr-22, Dkt. Entry No. 97. On May 15, 2014, the Second Circuit Court of Appeals affirmed the judgment of this Court. *See generally*, *United States v. Vertil*, 566 F. App'x 36 (2d Cir. 2014). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On October 6, 2015, Petitioner untimely filed a motion to "vacate, set aside or correct sentence," pursuant to 28 U.S.C. § 2255 ("Section 2255"). *See generally*, Pet'r's Mot. to Vacate, Set Aside or Correct Sentence, No. 10-cr-22, Dkt. Entry No. 107 ("Pet'r's Mot."). Petitioner contends that he received ineffective assistance of counsel at trial. The Government opposed

---

[1] In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Petitioner's Motion ("Government Opposition"). *See*, Gov't Opp'n, Dkt. Entry No. 110. For the reasons stated below, Petitioner's motion is denied in its entirety.

**I.    Background**

Familiarity with the facts and procedural history of this case is presumed, and only those facts relevant to the disposition of the motion are repeated herein.[2] On January 11, 2010, a grand jury of the Eastern District of New York returned an indictment charging Petitioner and Gregory Nerette ("Nerette"), with aiding and abetting the importation of cocaine and conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952(a) and 960 and 18 U.S.C. § 2, and conspiracy to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. *See*, Trial Transcript ("Tr.") at 508-11. Nerette pled guilty pursuant to a cooperation agreement and testified as a witness for the government at trial. Tr. at 43-47.

At trial, Nerette testified that two individuals, "Bruce" and "Pataan," recruited him to transport cocaine into the United States. Tr. at 52-54. Nerette accepted the invitation, and, on December 13, 2009, he arrived at John F. Kennedy International Airport ("JFK") from Port-au-Prince, Haiti. Tr. at 30. Nerette was examined by officers from United States Customs and Border Protection ("CBP") who discovered approximately 984 grams of cocaine attached to a brace on Nerette's right leg. Tr. at 31-34. After his arrest, Nerette agreed to cooperate with the government and helped arrange a controlled delivery with Petitioner, who was the individual he was told to contact upon his arrival in New York. Tr. at 252. Immigration and Customs Enforcement ("ICE") agents transported Nerette to a Doubletree Hotel in Queens, NY, where at 2:30 a.m. on December

---

[2] A more complete recitation of the facts is set forth in the decision previously issued by the Second Circuit Court of Appeals. *See Vertil*, 566 F. App'x at 38.

14th, he left a voicemail at the telephone number that Bruce instructed him to call when he arrived at JFK.  Tr. at 259-64.

Petitioner had rented a room on December 13, 2009 at a Best Western Hotel in Queens, New York under the name of his brother, Kenel Vertil.  Tr. at 183.  He returned Nerette's phone call at 6:38 a.m. the following morning, and they had a three-way telephone conversation with Bruce.  Tr. at 105-06.  When Petitioner arrived at Nerette's room at the Doubletree, Nerette asked Petitioner whether he had the money with him.  Tr. at 107-10.  Petitioner told Nerette that he had left the money at the Best Western, and asked Nerette to travel back there with him.  Tr. at 111.  As Petitioner exited Nerette's room, and, upon being apprehended by ICE agents, claimed that he had been set up.  Tr. at 111-12, 292-93.

The ICE agents obtained a warrant to search Petitioner's room at the Best Western, and the search yielded a cell phone, $4,500 in cash, a credit card with Petitioner's name, and a slip of paper with the phone number and room number to the Doubletree Hotel, where Nerette was located.  Tr. at 202-04, 207-09.  Surveillance footage showed Petitioner entering and checking into the hotel.  Tr. at 190-191, 196.  The agents also recovered a second phone and a room key on Petitioner's person.  Tr. at 275.  A search of the phones revealed calls to both Nerette and Haiti on December 14, 2009.  Tr. at 277-83.  The search also revealed a text message and phone call to American Airlines made after Nerette's flight had landed at JFK.  Tr. at 280-81.

The jury returned a verdict of guilty on Counts One and Two for aiding and abetting the importation of cocaine and conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952(a) and 960 and 18 U.S.C. § 2, and acquitted Petitioner of the remaining counts.  *See*, Jury Verdict, Dkt. Entry No. 62.  By Memorandum and Order dated February 1, 2012, the Court then denied Petitioner's motion for a judgment of acquittal on those counts.  *See*, Dkt. Entry No. 94.  Petitioner

filed a direct appeal to the Second Circuit Court of Appeals, which affirmed the judgment of the Court in a summary order. *See*, *Vertil*, 566 F. App'x at 38. On October 6, 2015, Petitioner submitted this petition pursuant to 28 U.S.C. § 2255.

## II. Legal Standard

Under Section 2255, "a sentencing court may vacate, set aside or correct a conviction or sentence imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, No. 09-cv-4687, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (citations and internal quotation marks omitted).

To succeed on a claim of ineffective assistance of counsel, a petitioner must: (1) show that "his attorney's performance 'fell below an objective standard of reasonableness,' in light of 'prevailing professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984)).

Although a petitioner must satisfy both prongs to obtain relief, the Supreme Court has stated that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *See*, *Id.*; *See also*, *Brown v. Artuz*, 124 F.3d 73, 80 (2d Cir. 1997) (declining to address the first prong of *Strickland* on the ground that the defendant could not satisfy the prejudice prong).

Courts reviewing an ineffective assistance of counsel claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [legal] strategy." *Strickland*, 446 U.S. at 689 (internal quotation marks omitted). Courts must "be watchful to eliminate the distorting effects of hindsight." *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (citation and internal quotation marks omitted). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *See*, *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## III. Discussion

At the outset, the Court *sua sponte* addresses the timeliness of Petitioner's application as a threshold jurisdictional issue. The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for filing a habeas corpus petition. *See*, 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year period runs from the "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." A conviction becomes final when the 90 day period for seeking a writ of certiorari expires. *See*, *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003). The Second Circuit affirmed the judgment of this Court on May 15, 2014 and the 90-day period to seek a writ of certiorari from the Supreme Court thus expired on August 12, 2014. Accordingly, because the petition was filed on October 6, 2015, almost two months after the limitations period lapsed, the request is untimely.

Nevertheless, for the sake of completeness, the Court proceeds to consider Petitioner's claims on the merits. Petitioner asserts that his trial counsel was ineffective for: (1) failing to file a pretrial motion challenging the legality of the agents' search of his hotel room; (2) failing to call

5

any defense witnesses; and (3) failing to challenge the admission of audio recordings at trial. Pet'r's Mot. at 5-8. The Court considers each argument in turn and concludes that they are without merit.

A. Failure to File Pretrial Motion

Petitioner fails to demonstrate that he received ineffective assistance based on counsel's failure to file a pretrial motion. Allegations of errors in pretrial preparation that are vague, conclusory, or unsupported by the record or other objective evidence, fail to establish an ineffective assistance of counsel claim. *See*, *United States v. Gordon*, 156 F.3d 376, 380-81 (2d Cir. 1998) (noting that self-serving claims must be supported by objective evidence); *United States v. Aiello*, 814 F.2d 109, 113-14 (2d Cir. 1987). Here, Petitioner alleges that his counsel was deficient for failing to file a pretrial motion over the investigation of his hotel room. Pet'r's Mot. at 5. Specifically, Petitioner argues that ICE agents improperly failed to verify a hotel room key that was found on Petitioner's person. *See*, *Id*. However, Petitioner fails to set forth how failing to verify his key was improper or susceptible to suppression. Instead, the record demonstrates that counsel fully explored these issues in front of the jury. Tr. 191-194, 199-215, 363-367. As a result, counsel's conduct reflected reasonable strategic choices falling within acceptable bounds of professional standards. Thus, Petitioner's claim of ineffective assistance based on counsel's failure to file a pretrial motion is meritless.

B. Failure to Call Defense Witnesses

Next, Petitioner unsuccessfully asserts that his counsel was ineffective because he failed to call two subpoenaed witnesses and advised Petitioner and Petitioner's girlfriend not to testify. Pet'r's Mot. at 6. "A failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel." *United States v. Eyman*, 313 F.3d 741, 743 (2d

Cir. 2002) (internal citation omitted)). Nonetheless, a defendant's right to testify in his own defense is personal and may not be waived by his attorney over the defendant's opposition, regardless of tactical considerations. *Brown v. Artuz*, 124 F.3d 73, 77–78 (2d Cir.1997). As a result, the duty rests with counsel to "inform the defendant that the ultimate decision whether to take the stand belongs to the defendant, and counsel must abide by the defendant's decision on this matter." *Brown v. Artuz*, 124 F.3d 73, 78 (2d Cir. 1997) (internal citations omitted). Consequently, "any claim by the defendant that defense counsel has not discharged this responsibility—either by failing to inform the defendant of the right to testify or by overriding the defendant's desire to testify—must satisfy the two-prong test established in *Strickland*." *Id.*

With respect to the two subpoenaed witnesses and Petitioner's girlfriend, Petitioner fails to detail the substance of the proposed testimony, submit any affidavits in support of the proposed testimony, or establish that the proposed testimony would have provided exculpatory evidence. Therefore, Petitioner is unable to show that counsel's decision not to call the subpoenaed witnesses was objectively unreasonable. Concerning Petitioner's allegations about his inability to testify on his own behalf, Petitioner submits no information suggesting how his testimony would have impacted the jury verdict. As a result, the Court similarly is unable to conclude that Petitioner's proposed testimony would likely have overcome the great weight of the countervailing evidence, including the testimony of his co-conspirator. Thus, Petitioner cannot show a "reasonable probability that the outcome of the trial would have been different," and, thus, is unable to demonstrate prejudice. *See*, *Hernandez*, 2002 WL 2012624, at \*6. Accordingly, Petitioner fails to establish that he received ineffective assistance based on counsel's failure to call witnesses.

C. <u>Failure to Object to Audio Recordings</u>

Finally, Petitioner asserts ineffective assistance of counsel because of his counsel's failure to challenge the admission of audio recordings at trial. Specifically, Petitioner asserts that the transcripts of the audio recordings at trial did not have a preamble, the conversations were mostly not Petitioner's, and the agent admitted that he verified the phone without a warrant. Pet'r's Mot. at 7. However, the audio recordings were consensual recordings made with the consent of the cooperator Nerette. As such, they were properly authenticated by Nerette's testimony and thus admissible. Tr. 82-84, 98-99; *See also*, FED. R. EVID. 901(a), (b)(5). Thus, Petitioner is unable to show that counsel acted unreasonably or demonstrate prejudice for counsel's failure to challenge the recordings. As a result, Petitioner's claims of ineffective assistance of counsel are denied.

**IV. Conclusion**

For the reasons set forth above, Petitioner's Section 2255 motion is denied in its entirety. Petitioner further is denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See,* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2019

                                                  /s/
                                    DORA L. IRIZARRY
                                       Chief Judge